IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **JERRY ADE and ELAYNE ADE,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | **Civil Action No.** |
| : | **7:03-CV-107 (HL)** |
| **THOMAS D. FAUSETT, JR., M.D.,** : | |
| **and THOMAS D. FAUSETT, JR.,** : | |
| **M.D., P.C.,** : | |
| : | |
| **Defendants.** : | |

**ORDER**

Before the Court is Defendants' Motion in Limine (Doc. 19), Plaintiffs' Motion in Limine (Doc. 20), and Defendants' Supplemental Motion in Limine (Doc. 24). Defendants' Motion in Limine is granted in part and denied in part; Plaintiffs' Motion in Limine is denied; and Defendants' Supplemental Motion in Limine is moot.

**I. DEFENDANTS' MOTION IN LIMINE**

A. Defendants object to any reference or suggestion to alleged errors or inconsistencies in Defendant's office notes on the basis that any errors or inconsistencies are irrelevant. Defendants' Motion, with respect to the alleged errors or inconsistencies in Defendant's office notes, is denied, but may be renewed at trial when the Court is better able to evaluate the records and statements in issue.

B.   Defendants object to any reference or suggestion that Defendant may have been negligent prior to the office visit of February 8, 2002 on the basis that any negligence on

Defendant's part prior to February 8, 2002, is inadmissible evidence of prior similar acts and irrelevant. Defendants' Motion is denied, but may be renewed at trial when the Court is better able to evaluate the evidence at issue.

C. Defendants object to any reference or suggestion that defense counsel contacted or attempted to contact Dr. Thomas Joiner to review this case on the basis that any contact with Dr. Joiner is privileged work product. Defendants' Motion is granted in part and denied in part. Plaintiffs may ask Dr. Joiner if he has testified for a doctor defending a malpractice suit, but may not implicate defense counsel or defense counsel's firm.

D. Defendants object to any reference or suggestion that Plaintiffs' cardiology expert, Dr. Richard Nijem, has previously been represented by defense counsel on the basis that such evidence is irrelevant. Defendants' Motion is granted in part and denied in part. Plaintiffs may ask Dr. Nijem if he has testified for a doctor defending a malpractice suit, but may not implicate defense counsel or defense counsel's firm.

E. Defendants object to any reference or suggestion to any statements of Plaintiff made to Cecil Wayne Ade regarding Defendant's assessment and diagnosis on the basis that such statements are inadmissible hearsay. Defendants' Motion is granted.

F. Defendants object to any reference or suggestion to any statements of Plaintiff made to Dr. Rubio regarding Defendant's assessment and diagnosis on the basis that such statements are inadmissible hearsay. Defendants' Motion is granted.

G. Defendants object to any reference or suggestion that Plaintiffs' trial experts know any facts or hold any opinions about this case other than those stated in Plaintiffs' answers to interrogatories and discovery depositions taken by Defendants of said experts. Defendants' Motion is granted.

H. Defendants object to any reference or suggestion (1) of insurance or settlement offers, (2) of unrelated, prior or subsequent claims, suits or settlements, or the amounts thereof, (3) that Defendants are without sympathy for Plaintiff, (4) by counsel for the Plaintiffs as to his personal belief of the credibility of any witness or merits of Defendants' claims and defenses, (5) that Defendants should be punished or subject to punitive damages, or (6) as to the existence of any document, photograph, motion picture film or video tape until the same has been tendered to defendants for their inspection and review. Based on representations made by Plaintiffs' counsel at the pre-trial conference held on November 24, 2005, these objections have been resolved and Defendants' Motion is moot.

**II. PLAINTIFFS' MOTION IN LIMINE**

A. Plaintiffs object to the admissibility of all medical records listed on Defendants' exhibit list on the basis that the medical records are irrelevant, unfairly prejudicial, and hearsay. Plaintiffs' Motion, with respect to Plaintiff's medical records, is denied, but may be renewed at trial when the Court is better able to evaluate the records at issue.

B. Plaintiffs object to any line of questioning regarding whether Plaintiff disclosed a family history of heart disease to prior physicians as irrelevant, unfairly prejudicial, and hearsay.

Plaintiffs' Motion, with respect to questions regarding any disclosure made to prior physicians about Plaintiff's family medical history, is denied, but may be renewed at trial when the Court is better able to evaluate the statements at issue.

C. Plaintiffs object to the admissibility of Plaintiff's employment records on the basis that the records are irrelevant, unfairly prejudicial, and hearsay. Plaintiffs' Motion, with respect to Plaintiff's employment records, is denied, but may be renewed at trial when the Court is better able to evaluate the records at issue.

D. Plaintiffs object to any reference of Plaintiff's disability income pursuant to the collateral source rule. Plaintiffs' Motion, with respect to Plaintiff's disability income, is denied, but may be renewed at trial when the Court is better able to evaluate the records at issue.

### III. DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE

A. Defendants object to any reference or suggestion by Dr. Scott Jeffery Shulman that Defendants violated the applicable standard of care by giving Viagra samples to Plaintiff. Counsel for both parties advised the Court that they resolved the issue raised in Defendants' Motion. Therefore, Defendants' Motion is moot.

**SO ORDERED**, this the 19th day of January, 2005.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs